O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON ACOSTA,<br><br>　　　　　Petitioner,<br><br>　vs.<br><br>LINDA T. McGREW, Warden,<br><br>　　　　　Respondent. | CASE NO. CV 14-1456 DOC (RZ)<br><br>ORDER SUMMARILY DISMISSING<br>§ 2241 HABEAS PETITION |

　　　　The Court will dismiss this 28 U.S.C. § 2241 habeas petition summarily because the petition seeks relief only available, if at all, pursuant to a 28 U.S.C. § 2255 motion in the sentencing court, which is in the Southern District of New York. Petitioner challenges a portion of his sentence based on a 2013 Supreme Court case. That case cannot aid him, as explained below.

**I.**

**BACKGROUND**

　　　　Petitioner Ramon Acosta is a federal prisoner housed at Adelanto, in this judicial district. After an eleven-day trial in 2009, a federal jury in Manhattan convicted him of the following three crimes:

　　　　Count 1:　　Conspiracy to commit robbery in violation of 18 U.S.C. § 1951;

Count 5: Attempted robbery in violation of 18 U.S.C. §§ 1951 and 1952; and

Count 6: Brandishing a firearm (in committing the crime covered by Count 5) in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

It is the Count 6 conviction that Petitioner now attacks.

Petitioner was sentenced to a total of 294 months in prison – 210 months each for the Counts 1 and 5, to run concurrently, and a consecutive 84 months sentence for Count 6, the brandishing offense. Pet. ¶ 1-6; *see* docket in *United States v. Acosta* (*Acosta I*), S.D.N.Y. No. 07 CR 1150. Petitioner appealed, but the Second Circuit affirmed in March of 2010. *See United States v. Acosta*, 367 Fed. Appx. 259 (2d Cir. 2010) (*Acosta II*). Six months later, Petitioner moved for § 2255 relief, but the trial court denied that motion on December 20, 2010. *See* docket in *Acosta I*.

Three years and three months later, Petitioner filed the instant action, labeling it as a § 2241 habeas petition. He asserts that, based on a 2013 Supreme Court decision, *Alleyne v. United States*, __ U.S. __, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), he is now "actually innocent" of brandishing under Count 6 and should be resentenced accordingly.

## II.
## DISCUSSION

28 U.S.C. § 2255 generally provides the sole procedural mechanism by which a federal prisoner may test the legality of his detention. *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000). That section bars courts from entertaining most habeas petitions where "it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief[.]" In light of this rule, the statute on its face appears to bar the present action.

Section 2255, however, permits resort to a 28 U.S.C. § 2241 petition when a § 2255 motion is "inadequate or ineffective to test the legality of [the] detention." 28

U.S.C. § 2255. This clause is sometimes referred to as the "escape hatch" to § 2255's exclusivity provision. *Lorentsen*, 223 F.3d at 953.

The escape hatch rarely opens. A § 2255 motion cannot and should not be viewed as "inadequate" merely because the sentencing court has denied relief on the merits. *Id*. Any contrary ruling would nullify the statute's gatekeeping provisions, and Congress then would have accomplished little in its attempts to limit federal collateral review in passing laws such as the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Triestman v. United States*, 124 F.3d 361, 374-76 (2nd Cir. 1997) (discussing Congressional intent to narrow collateral attacks).

"Along with many of our sister circuits," the Ninth Circuit has explained,

> we have held that a § 2241 petition is available under the "escape hatch" of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an "unobstructed procedural shot" at presenting that claim.

*Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (collecting cases).[1] The Fourth

---

[1] Those courts which have found that a § 2255 motion would be "ineffective" or "inadequate" have done so when, due to unusual circumstances, the absence of any avenue for collateral review would raise serious constitutional questions. An example is the series of cases arising in the wake of *Bailey v. United States*, 516 U.S. 137, 116 S. Ct.501, 133 L. Ed. 2d 472 (1995). *See Sustache-Rivera v. United States*, 221 F.3d 8, 16 n.13 (1st Cir. 2000) ("The case law has come from the courts of appeals in the context of determining when the savings clause should apply, mainly in the wake of *Bailey*.").

In *Bailey*, the Supreme Court held that a defendant charged with "using" a firearm in violation of 18 U.S.C. § 924(c) cannot be convicted on that charge unless he actively employed the weapon. 516 U.S. at 150. Prior to *Bailey*, many circuits upheld convictions under 18 U.S.C. § 924(c) upon a showing of something less than "active employment" of the firearm. The Ninth Circuit, for example, affirmed convictions under § 924(c) upon a showing of mere possession. *United States v. Torres-Rodriguez,* 930 F.2d 1375, 1385 (9th Cir. 1991), *abrogated by Bailey, supra*. Following *Bailey*, many prisoners who already had filed unsuccessful, pre-*Bailey* § 2255 motions filed § 2241 petitions seeking to overturn their convictions. A few courts have allowed
(continued...)

1 Circuit employs a similar test, opening the escape hatch when (1) a change in substantive
2 law occurs, after the petitioner's direct appea and first § 2255 motion, "such that the
3 conduct of which the petitioner was convicted" would no longer "be criminal," and (2) the
4 prisoner cannot qualify for the Court of Appeals' authorization for another § 2255 motion,
5 *see* 28 U.S.C. § 2244(b)(3)(A), because the new rule is not one of *constitutional* law. *In*
6 *re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

7 Here, the hatch remains firmly shut. His labelings aside, Petitioner makes no
8 true claim of actual innocence – nor could he, for the case upon which he relies, *Alleyne*,
9 simply cannot aid him. Explaining why requires a brief summary of *Alleyne*. Alleyne was
10 convicted by a jury of using or carrying a firearm in relation to a crime of violence in
11 violation of 18 U.S.C. § 924(c)(1)(A), the minimum sentence for which is five years
12 imprisonment. *See* 18 U.S.C. § 924(c)(1)(A)(i). At sentencing, however, over Alleyne's
13 objection, the trial judge made a bench finding that Alleyne had "brandished" the firearm
14 he carried, thus raising the mandatory minimum sentence to seven years. *See* 18 U.S.C.
15 § 924(c)(1)(A)(ii). The sentencing court determined that, under *Harris v. United States*,
16 536 U.S. 545, 122 S. Ct. 2406, 153 L. Ed. 2d 524 (2002), brandishing was a sentencing
17 factor, which the court could find, independent of the jury, without violating Alleyne's

---

[1](...continued)
those prisoners to proceed on their § 2241 petitions on the grounds that these prisoners could not have raised their claims of innocence in an effective fashion at an earlier time, and that serious due process questions would arise if Congress were to close off all avenues of redress in such cases. *See, e.g., Triestman*, *supra*, 1124 F.3d at 379; *In re Hanserd*, 123 F.3d 922, 929-930 (6th Cir. 1997); *In re Dorsainvil*, 119 F.3d 245, 251 (3rd Cir. 1997); *United States v. Lorentsen*, 106 F.3d 278, 279 (9th Cir. 1997).
    One such avenue for redress is a motion to correct the sentence under 28 U.S.C. § 2255, solely in the sentencing court. A successive motion under § 2255 may be entertained only based on newly discovered evidence or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255. (Claims under *Bailey* cannot form the basis of a successive § 2255 motion because *Bailey* construed a statute, not the Constitution. Therefore, some courts have held, the escape hatch opens, because a serious due process concern would arise if no mechanism exists to adjudicate the claim. *See United States v. Brooks*, 230 F.3d 643, 647-48 (3rd Cir. 2000) (collecting cases).)

Sixth Amendment right to a jury trial. The Court of Appeals affirmed. But Alleyne won *certiorari*, arguing that *Harris* ran afoul of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). *Apprendi* held that any "facts that increase the prescribed range of penalties to which a criminal defendant is exposed," other than the existence of prior convictions, "are elements of the crime[,]" which must be proved to a jury. *Alleyne*, 133 S. Ct. at 2160 (internal quotation marks omitted). The Supreme Court agreed with Alleyne and reversed. The district court erred when it imposed a seven-year mandatory minimum sentence for brandishing, the *Alleyne* Court explained, because the jury had made only the more general finding that Alleyne had *used and carried* a firearm during another crime (which carries a five-year mandatory sentence) without specifically finding, further, that he had *brandished* the firearm (a mandatory seven-year sentence). 133 S. Ct. at 2162-63.

  *Alleyne* cannot aid Petitioner for at least three reasons. First and most fundamentally, no *Alleyne* error occurred. Petitioner was charged with and tried for brandishing, specifically, as set out in the initial indictment and later in the superseding information. *See* docket in *Acosta I* (Dec. 12, 2007 initial indictment against Petitioner (Document #1) under the moniker of "Arsenio Rodriguez," including Count Three for "brandishing" in violation of "Title 18, United States Code, Sections *924(c)(1)(A)(ii)* and 2") (emphasis added); *id*. (Oct. 14, 2008 superseding information (Document #46)) (similar, but now charging Petitioner as "Ramon Acosta" and moving "brandishing" charge to Count Six). The jury convicted him of that specific brandishing charge. In contrast, Alleyne was convicted only of the more general offense of using and carrying a gun during another crime, and it was the trial judge, acting alone, who found that Alleyne's gun use constituted brandishing.

  Second, even if *Alleyne* error had occurred, Petitioner still makes no claim of actual *innocence*. His conduct, like Allen Alleyne's, in using and carrying a gun during another offense, whether or not he brandished it, would still be illegal and would carry a

five year mandatory prison sentence.  In other words, Petitioner is asserting a two-year sentencing error, not actual innocence.

Third, *Alleyne* is inapplicable retroactively to aid Petitioner, whose conviction became final before *Alleyne*.  *See, e.g.*, *United States v. Ennis*, No. 13-50584, __ Fed. Appx. __, 2014 WL 969691 (5th Cir. Mar. 14, 2014) (*Alleyne* supplies no basis for a second or successive § 2255 motion); *Chester v. Warden*, No. 12-15119, __ Fed. Appx. __, 2014 WL 104150 (11th Cir. Jan. 13, 2014) (district court lacked jurisdiction over putative § 2241 petition asserting *Alleyne* claim) (escape hatch remains closed, in part because *Alleyne* does not apply retroactively); *Morales-Ramirez v. Ivy*, No. CV 13-4901 GW (RNB), 2014 WL 59732 (C.D. Cal.), at *3-*4 (similar).

For the foregoing reasons, the escape hatch cannot open.  In turn, this means that the Court lacks jurisdiction and must dismiss.

### III.
### CONCLUSION

For the foregoing reasons, the action is DISMISSED without prejudice to Petitioner's pursuit of relief in the Southern District of New York, the Second and/or Ninth Circuit Courts of Appeals, or the Supreme Court.

DATED: March 25, 2014

*David O. Carter*
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE